1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL E. ADOLPH,

          Plaintiff,

   v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

          Defendant.

CASE NO.   **C06-5622RJB**

REPORT AND
RECOMMENDATION

Noted for May 4, 2007

    This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, secretary of H.E.W. v. Weber, 423 U.S. 261 (1976).  This matter has been briefed, and after reviewing the record, the undersigned recommends that the Court affirm the administration's final decision.

<u>INTRODUCTION</u>

    Plaintiff, Michael Adolf, was born in 1981.  He does not have a high school diploma.  He finished his senior year of high school, but he did not have enough credits to graduate due to the fact that he had some home schooling which the state would not accept toward earning his diploma.   He has work experience in the retail industry and in promotion/marketing for a radio station (Tr. 259-260).

    Plaintiff filed applications for both Supplemental Security Income ("SSI") benefits and Disability Income Benefits ("DBI") in the Summer of 2003.  Plaintiff alleges he has been unable to work since January 31, 2002, due to an abnormal temporomandibular joint and associated "TMJ"  pain.  The

administration denied Plaintiff's applications  initially and upon reconsideration.  A hearing was held on December 14, 2005, before an Administrative Law Judge ("ALJ") (Tr. 256-284).  Following the hearing, the ALJ authored a decision denying claimant's applications (Tr. 9-19).  Plaintiff sought review by the Appeals Council, and on August 25, 2006, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final administrative decision (Tr. 4-7).

The ALJ completed the five-step sequential evaluation process for determining whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date (Tr. 13). See 20 C.F.R. §§ 404.1520(b), 416.920(b).  At step two, the ALJ found that Plaintiff established severe tempomandibular joint dysfunction (Tr. 16). See 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the ALJ found that Plaintiff's impairment did not satisfy the Listings (Tr. 16). See 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d).  The ALJ further determined that Plaintiff retained the residual functional capacity (RFC) for light work (Tr. 17). See 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.945.  At step four, the ALJ found that Plaintiff did not prove that he could not perform his past relevant work as a general merchandise salesperson or program assistant, and so was not disabled under the Act (Tr. 18). See 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Plaintiff filed a Complaint with the Court challenging the denial of his applications for benefits on October 26, 2006.  Specifically, plaintiff contends: (1) the ALJ erred when she rejected the medical opinion of Dr. Truelove; and (2) the ALJ erred when she discounted Plaintiff's pain testimony.  Defendant counter-argues that the ALJ applied the proper legal standards and that the administrative findings and conclusions were properly supported by substantial evidence.

<u>DISCUSSION</u>

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision.  Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla but less than a

1  preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772

2  F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational interpretation, the

3  Court must uphold the Secretary's decision.  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

4  *A.  THE ALJ PROPERLY ASSESSED THE MEDICAL OPINIONS*

5        The ALJ is entitled to resolve conflicts in the medical evidence.  Sprague v. Bowen, 812 F.2d 1226,

6  1230 (9th Cir. 1987).  She may not, however, substitute her own opinion for that of qualified medical

7  experts.  Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982).  If a treating doctor's opinion is

8  contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific

9  and legitimate reasons" supported by substantial evidence in the record for doing so.  Murray v. Heckler,

10  722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute

11  substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating

12  physician."  Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996).  In Magallanes v. Bowen, 881 F.2d 747,

13  751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of  a treating physician's opinion

14  because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied

15  on laboratory test results, contrary reports from examining physicians and on testimony from the claimant

16  that conflicted with the treating physician's opinion.

17        Here, plaintiff contends the ALJ improperly evaluated the opinion of Dr. Truelove.  Dr. Truelove

18  saw Plaintiff on referral from Dr. Yang, who treated Plaintiff at the Swedish Pain Center (Tr. 199, 203,

19  263).  The record contains one document signed by Dr. Truelove, dated November 22, 2005 (Tr. 228).

20  Plaintiff states, "Dr. Truelove is a treating physician of claimant" (Plaintiff's Opening Brief at 3), but the

21  record does not support this contention.  Dr. Truelove merely states that Plaintiff is being treated for

22  severe pain at the Swedish Medical Pain Clinic and at the University of Washington, where Dr. Truelove is

23  a Professor and Chair of the Department of Oral Medicine.  It appears from the available record that Dr.

24  Truelove is a reviewing physician, not a treating physician as argued by Plaintiff.

25        In any event, the ALJ addressed the opinion of Dr. Truelove in the context of considering Plaintiff's

26  residual functional capacity and plaintiff's credibility (Tr. 17).  The ALJ wrote:

27

28      I also considered the reports of the state agency medial consultants as well as other treating,
    examining, and non-examining medical sources.  Social Security Rule 96-6p.  In November

1   2003, a state agency medical consultant reviewed the record and opined that, the claimant's
2   TMJ caused no exertional limitations.  Ex. 9E.  Considering the record as a whole, I found
3   the claimant has some exertional limitation, but not to the extent indicated by the claimant's
    most recent physician, Edmond Truelove, D.D.S., M.S.D., who wrote the letter in
    November 2005 indicating complete disability, which allegedly "limited his ability to work,
4   socialize, and participate in normal activities of daily living."  Ex. 10F.  I do not find this
    opinion persuasive, particularly considering the fact that the claimant was forthcoming to
5   his treating physicians about the fact that he was giving his prescription pain medication to
    his stepmother, further undermining the claimant's alleged pain reports.

6   (Tr. 18).

7          The ALJ properly considered the medical opinions related to Mr. Adolph's limitations.  Rather than

8   relying on the opinion of Dr. Truelove, the ALJ reasonably chose to rely on other medical opinions that

9   support the finding that Mr. Adolph is capable of returning to working as a merchandiser or program

10  assistant.  Specifically, as noted above, the ALJ relied on the Physical Residual Functional Capacity

11  assessment completed by a state agency physician on October 30, 2003 (Tr. 105-112), which found no

12  exertional limitations, along with the statement that Plaintiff "has shown a pattern or progressive

13  improvement for his chronic pain (Tr. 106).  The ALJ also relied on the opinions of Dr. Yang, who in 2003

14  reported Plaintiff's condition was gradually improving and that patient was essentially stable on his

15  medications for most of that year (Tr. 15).  In sum, the ALJ did not err when she relied on other substantial

16  evidence in the record and discounted the letter/opinion written by Dr. Truelove.

17  **B.     THE ALJ PROPERLY WEIGHED MR. ADOLPH'S CREDIBILITY**

18         Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (en banc), is controlling Ninth Circuit authority

19  on evaluating plaintiff's subjective complaints.  Bunnell requires the ALJ findings to be properly supported

20  by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator

21  rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's

22  testimony regarding pain.'"  Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215

23  (11th Cir. 1991)).  An ALJ may reject a claimant's subjective complaints, if the claimant is able to perform

24  household chores and other activities that involve many of the same physical tasks as a particular type of

25  job.  Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) However, as further explained in Fair v. Bowen,

26  supra, and Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996), the Social Security Act does not require

27  that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be

28  easily transferrable to a work environment where it might be impossible to rest periodically.

Here, plaintiff raises the issue of whether the ALJ erred in finding plaintiff's testimony not credible. The ALJ wrote:

> Following a thorough review of the record, I conclude that the claimant retains the residual functional capacity of light exertion, as defined by the regulations.
>
> In reaching this conclusion, I find the claimant credible to the extent that he alleged he would experience some limitations; the residual functional capacity finding above, was, accordingly, reduced to accommodate those limitations. However, I cannot find the claimant's allegations that he was incapable of all work activity to be fully credible because of significant inconsistencies in the record as a whole. The claimant alleges significant pain even with his medication, however, he appeared in no distress at the hearing. Additionally, at the hearing, the claimant was articulate, verbal, and able to track and respond to questions, though he was visibly sad when discussing his mother's death. When questioned about references in notes by his mental therapist regarding stress over a family member's drug addiction, the claimant testified his stepmother had the addiction. Ex. 11F.2. He further testified that he lived with his father, stepmother, and the step mother's young son, and that his step mother pressured him to give her his pain medications. He felt unable to refuse her, due to the pressure of her suffering for the drug craving and he felt like he was keeping his father's marriage intact by providing her with his pain medications, thought he was vague as to the extent he gave her his narcotics. I note that the claimant's pain treatment physicians are unaware of this situation. Thus, I must conclude that the facts confirm unquestionable prescription abuse on the claimant's part and places his credibility on the issue of pain into question. As I am charged with the difficult task fo defining his credibility on the issue of severe chronic pain, an impairment that is entirely subjective and cannot be otherwise measured. Given my observation of the claimant at the hearing, specifically including no appearance of pain, distress, or functional limits, I find his pain complaints are not supported.

(Tr. 17).

After reviewing the ALJ's decision and the administrative record, it is clear the ALJ has provided sufficient evidence to discredit the Plaintiff's allegations of total disability. The transcript of the administrative hearing supports the ALJ's analysis of Plaintiff's abuse of narcotics (giving or allowing his step mother access to his pain medications). The court notes it is the ALJ who is responsible for determining credibility, Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999), and the ALJ may make first-hand observations during a hearing as a factor in assessing a claimant's credibility, Morgan v. Commissioner of SSA, 169 F.3d 595, 599-600 (9th Cir. 1999). Accordingly, the ALJ properly discredited plaintiff's testimony and allegations or pain suggesting total disability.

1

CONCLUSION

2      Based on the foregoing discussion, the Court should affirm the Administration's final decision

3 denying plaintiff's application for social security disability benefits.  Pursuant to 28 U.S.C. § 636(b)(1) and

4 Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this

5 Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver

6 of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the

7 time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 4, 2007**,

8 as noted in the caption.

9      DATED this 9th day of April, 2007.

10

11                                                   */s/ J. Kelley Arnold*
                                                    J. Kelley Arnold

12                                                   U.S. Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28